HALL, Chief Judge.
The sole issue presented by this appeal is whether a sale should be annulled and set aside where a tutrix sold the minors’ interest in immovable property at private sale pursuant to court authorization to a desig-nee of the party named as purchaser in the judgment authorizing the sale. We hold that the judgment authorizing the tutrix to sell the property for cash to a named purchaser included the authority to sell the property to an assignee or designee of the named purchaser. Accordingly, we affirm the summary judgment in favor of the purchaser dismissing the plaintiff tutrix’s suit to annul the sale.
The record discloses that the two minors and a major sister inherited two tracts of land in Bossier Parish from their father, subject to the usufruct of their mother, the tutrix. The property was valued in the succession at $80,000. The mother as usu-fructuary granted a lease affecting one of the tracts for the operation of a lounge. She subsequently, with the major sister, granted an option to purchase both tracts to Anthony-Kritz Properties for a price of $200,000 cash. The option agreement contained a provision that the seller would be entitled to receive any rental or coin revenue from the lounge lease. Neither the lease or the option agreement was recorded.
Thereafter the mother, as tutrix, petitioned for authority to sell the minor’s interest in the property at private sale to Anthony-Kritz Properties for a total price for the property of $200,000 cash. The *839 undertutor concurred and judgment was rendered authorizing the sale to the named purchaser for $200,000 cash of which the net sales proceeds were to be deposited in equal proportions in two (2) six-month certificates of deposit at Red River Valley Bank. No mention was made in the petition for authorization or in the judgment of the lounge lease or any other conditions or restrictions on the sale.
Pursuant to an agreement between Anthony-Kritz Properties and TC & M Construction Company, a deed was executed by the tutrix and the major sister conveying the property to TC & M Construction Company for $200,000 and the price was paid. Shortly thereafter TC & M Construction Company notified the lounge lessee that the building would be demolished to make way for commercial development and gave him 30 days to vacate the premises. The property was subsequently conveyed by TC & M Construction Company to Albertsons Inc.
The tutrix filed suit against TC & M Construction Company to annul the sale alleging that the tutrix was not authorized by the court judgment to sell the property to anyone other than Anthony-Kritz Properties and that the sale by Anthony-Kritz Properties to TC & M Construction Company was made to circumvent the agreement with Anthony-Kritz that the seller would retain rental income from the lounge lease.
Defendant answered and also filed a motion for summary judgment, supported by various affidavits and documents. The facts as outlined above appear to be undisputed. In granting the motion for summary judgment, the trial court noted that the petition for court authority was to sell the property for $200,000 cash, the minors received their proportion of the consideration, and it makes no difference who the actual purchaser was. Neither the petition nor the judgment referred to the lease or any other conditions of the sale.
On appeal the tutrix does not pursue the issue relative to the retention of lease rentals stipulated in the option agreement. The sole argument made is that the tutrix had no authority to sell to TC & M Construction Company because the judgment authorized a sale to Anthony-Kritz Properties.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966.
A tutor may sell or exchange any interest of a minor in property, owned either in its entirety or in indivisión, for any purpose, when authorized by the court as provided in Article 4271. LSA-C.C.P. Art. 4301. A sale of minor’s property shall be for cash, unless upon the petition of the tutor the court authorizes a credit sale. LSA-C.C.P. Art. 4302.
The tutor shall file a petition setting forth the subject matter to be determined affecting the minor’s interest, with his recommendations and the reasons therefor, and with a written concurrence by the un-dertutor. If the court approves the recommendations, it shall render a judgment of homologation. LSA-C.C.P. Art. 4271. In addition to the requirements of Article 4271, a petition for authority to sell property of a minor at private sale shall set forth a description of the property, the price and conditions of the proposed sale, and the reasons which make it advantageous to the minor to sell at private sale. LSA-C.C.P. Art. 4341.
The articles of the Code of Civil Procedure do not require that either the petition for authorization or the judgment authorizing the sale name the prospective purchaser. The important elements of the authorization procedure are the description of the property, the price and conditions of the sale, and the reasons which make the sale advantageous to the minor. The court found the sale to be advantageous to the minors and authorized the sale for a certain price in cash. The sale was consummated and the price paid. The minors’ interests were fully protected and they received the full benefit of the sale at a substantial price. Prom their standpoint, it matters not that title was transferred to the assign- *840 ee or designee of the purchaser named in the petition and order. The authority-granted to the tutrix to make a cash sale to the named purchaser, absent any indication in the tutorship proceedings that the identity of the purchaser was significant to the transaction or a condition of the sale, included and encompassed authority to sell to the named purchaser’s assignee or desig-nee.
There are no genuine issues of material fact, defendant is entitled to judgment as a matter of law, and the trial court correctly rendered summary judgment in the defendant’s favor dismissing the plaintiff’s suit.
Accordingly the judgment of the district court is affirmed, at appellant’s cost.
AFFIRMED.